RIVERA *v.* MERCED.

APPEAL from the District Court of San Juan.

No. 578.—Decided February 21, 1911.

APPEAL—CONTRADICTORY EVIDENCE.—The finding of the court below, in cases of contradictory evidence, must be accepted by the appellate court, unless it be shown that the former was actuated in its decision by passion, prejudice, or partiality, or that it committed manifest error.

ID.—EFFECTIVENESS OF JUDGMENT—DAMAGES.—The taking of evidence at the trial for the purpose of proving the damages caused to the defendant by an attachment levied on his property, in pursuance of an order to secure the effectiveness of a judgment, does not lie, for only in the event of the dismissal of the complaint could the damages caused by said attachment be alleged and proven.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. José Martínez Dávila* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment in an action for the recovery of a money debt. It was alleged in the complaint

that the defendant, Merced, owed the plaintiff the sum of $400 with interest from November 6, 1908, and that from the accrued interest the sum of $49.52 should be deducted, this amount having been paid on account of the interest. The defendant admitted the existence of the debt in so far as the principal was concerned, but not the interest, and alleged that he agreed to pay the debt by conveying certain houses belonging to him to the plaintiff, who had refused to accept the same. The defendant furthermore set up a counterclaim for the sum of $200, for damages and losses, which he alleged had been caused him by the order issued to secure the effectiveness of the judgment which might be rendered in this case, which order was made at the instance of the plaintiff.

A judgment was rendered in this suit by the Municipal Court of Bayamón, and on appeal from that court, by the district court, against the defendant.

That the defendant, Merced, made a loan from Baltazar Brañuelas during the first part of November, 1908, for the sum of $400; that Brañuelas died; that the minor, María Petra Brañuelas, was declared by the District Court of San Juan to be the sole and universal heir of her father, Baltazar Brañuelas; that Eduarda Rivera is the mother with the *patria potestas* of the said minor, María Petra, and that the defendant has not paid the debt, are facts accepted by both parties to this action. The evidence is conflicting upon two points only, to wit: (1) Was interest stipulated? (2) Was the manner of payment, alleged by defendant, stipulated?

The loan was not made under a written instrument and only three witnesses testified at the trial before the district court. Two of these witnesses, Eduarda Rivera and Matías Burón, testified that the loan was made at interest, Burón affirming that the interest was at the rate of 1 per cent, and further stating that Merced was bound to repay the money within a few months, because Brañuelas intended to use it to take a trip to Spain for the benefit of his health. The third witness, who is the defendant himself, testified that the loan

was made without interest and that the manner of payment was as set forth in the answer.

In reconciling the conflict the judge gave credence to the testimony of Eduarda Rivera and Matías Burón and decided in favor of the plaintiff. We have examined the whole case and find nothing which shows that the court was actuated by passion, prejudice, or partiality, or that it has committed any manifest error, and, therefore, in accordance with the doctrine established by this court in numerous cases, we must accept the findings of the trial court as just and proper.

In regard to the counterclaim, in our judgment the district court very properly held that it was unnecessary to take any evidence whatsoever in regard thereto, because it was considered not to be well founded in view of the fact that the attachment on the defendant's property had been levied to secure the effectiveness of the judgment, and only in case the complaint had been dismissed could it be alleged and proved that damages and losses had been suffered by defendant by reason of the attachment.

The appeal must be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Chief Justice Hernández and Justice Wolf concurred.

Justices MacLeary and Aldrey did not take part in the decision of this case.